

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00175-CR

ALANA DANIELLE BYNOG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR11975, Honorable Ralph H. Walton, Jr., Presiding

July 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Alana Danielle Bynog, was convicted of possession of methamphetamine of more than four grams but less than 200 grams[1]. After conviction, appellant was sentenced to serve sixteen years confinement in the Institutional Division of the Texas Department of Criminal Justice and to pay a fine of $8,000. She appeals by one issue in which she contends the trial court committed reversible error in failing to suppress evidence seized after an illegal traffic stop. We affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010).

Factual and Procedural Background

Following her indictment, appellant filed a motion to suppress the evidence seized as a result of her arrest. The motion to suppress contended that the seizure of the physical evidence was conducted without a warrant, probable cause, or reasonable suspicion to support its seizure. According to the motion, this was so because the traffic stop that led to the seizure was illegal. The trial court held a pre-trial hearing on appellant's motion to suppress and, after the hearing, denied the same. Appellant does not challenge the factual sufficiency of the evidence; therefore, only that portion of the record relevant to the issue before the Court will be discussed.

On July 1, 2011, appellant was a passenger in a vehicle driven by Gonzalo Jimenez. As the vehicle drove down U.S. Highway 377 in Tolar, Texas, it passed by a police vehicle containing Officer Robert Meza and Lieutenant Robert Douglas of the Tolar Police Department. During the suppression hearing, Meza testified that his attention was drawn to the vehicle containing appellant when he noticed that the right taillight appeared to be busted out. According to Meza, this was a violation of section 547.322 of the Texas Transportation Code. See TEX. TRANSP. CODE ANN. § 547.322.[2] After turning on his emergency lights, Meza was able to eventually get the car driven by Jimenez to stop.

Meza contacted the driver of the vehicle, Jimenez, and asked for identification. Jimenez said all he had was a Florida ID and driver's license. Upon checking the plate

---

[2] Section 547.322 provides in relevant part that, "[e]xcept as provided by Subsection (b) [which is not relevant for purposes of this discussion], a motor vehicle . . . shall be equipped with at least two taillamps and that [a] taillamp shall emit a red light plainly visible at a distance of 1,000 feet from the rear of the vehicle." Id.

attached to the vehicle, officers learned that it was registered to a woman out of Pearsall, Texas. A request for proof of insurance resulted in production of an insurance card for a different woman from Arlington, Texas. Meza then discovered that Jimenez had active traffic warrants and eventually arrested him.

Meza then inquired of appellant about a driver's license and was informed that she did not have a valid driver's license. While this was transpiring, Douglas was in the police car checking for warrants and identification information. In so doing, Douglas learned that appellant had a record for drug arrests and a felony drug conviction. As a result of all this information, Jimenez and appellant were asked to step from the vehicle while a narcotics dog was summoned. As appellant exited the vehicle, Meza noticed a small silver-colored bowl in the console between the front driver and passenger seats. When the drug dog arrived, it alerted on the passenger's side door. Meza then searched the interior of the car and determined that the bottom of the silver-colored bowl contained small crystal-like flakes. Meza testified that, based upon his training and experience, he believed the crystal-like flakes to be crystal methamphetamine. Both Jimenez and appellant were arrested and taken to jail to be booked for possession of methamphetamine of less than one gram. During the booking of appellant at the jail, she was subjected to a search by a female deputy. During the search, two bags of methamphetamine were discovered hidden in her vaginal area. The two bags had an approximate weight of 22 grams.

A copy of the in-car video and a photograph of the taillight in question were introduced during the suppression hearing. The trial court viewed the copy of the video during the hearing. Douglas testified that at the time the vehicle passed his location, the

3

lack of any red taillight on the right rear of the car initially drew his attention to the vehicle. He testified that the there was no red lens covering the taillight and the only light that shined from that taillight was white light.

After hearing the testimony, viewing the photograph of the taillight in question, and watching the DVD recording of the stop, the trial court denied the motion to suppress. Appellant requested findings of fact and conclusions of law regarding the stop and arrest. Those were subsequently filed in the court's file.

Appellant's single issue contends that the stop of the vehicle was not supported by any violation of the traffic laws. Specifically, appellant contends that the only reason for the stop was because the rear taillight in question was emitting some white light. This, according to appellant, is not a violation of section 547.322(d) of the Texas Transportation Code. We disagree with appellant and will affirm the trial court's action in denying the motion to suppress.

Standard of Review

We review a trial court's ruling on a motion to suppress for abuse of discretion. Lujan v. State, 331 S.W.3d 768, 771 (Tex.Crim.App. 2011) (per curiam). In reviewing the denial of a motion to suppress, we apply a bifurcated standard of review. Hubert v. State, 312 S.W.3d 554, 559 (Tex.Crim.App. 2010). We review de novo a trial court's application of law to the facts. Id. However, we defer to the trial court on questions of credibility and historical fact. Id. The trial court is "the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." Valtierra v. State, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010). When the trial court makes explicit

4

findings of fact, we are to determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports the fact findings. State v. Priddy, 321 S.W.3d 82, 86 (Tex.App.—Fort Worth 2010, pet ref'd) (citing State v. Kelly, 204 S.W.3d 808, 818–19 (Tex.Crim.App. 2006)).

Analysis

Appellant's issue is grounded upon the contention that the testimony at trial proved that the rear taillight in question was simply emitting some white light. According to appellant, this was not a violation of the traffic law in question; therefore, the stop, detention, and resulting arrest of appellant was illegal. To support this contention, appellant cites the Court to Vicknair v. State. See 751 S.W.2d 180, 187 (Tex.Crim.App. 1988) (op. on reh'g) (concluding that because there was no testimony that car in question failed to emit a visible red light, there was no basis to justify the detention). Appellant cites to a United States Fifth Circuit case that, in general, held that there was no authority to stop a car for a cracked taillight that permitted some white light to be emitted. See United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999). Each of the citations presented set forth a correct statement of the law; however, the facts of this case are readily distinguishable from the facts of those cases.

Both officers testified that there was no red light emanating from the taillight in question. Additionally, State's Exhibit 4, a picture of the taillight in question clearly shows that the taillight lens in question was missing and that some sort of tape had been applied over the bulb. In its findings of fact, the trial court found that both officers noticed that the rear taillight was malfunctioning and that there was bright white light

5

emitting from the right rear taillamp. Neither officer saw any red light emitting from the taillight in question. Further, the findings of fact found that, in reference to State's Exhibit 4, the photograph of the vehicle shows a large hole in the right rear taillamp lens and that the hole was partially covered with an opaque red material affixed with black tape.

Throughout the cross-examination of the officers, appellant attempted to characterize the taillight in question as being cracked. Both officers denied this characterization and testified that it was completely broken and no red light was visible, much less visible for 1,000 feet as required by the statute. See TEX. TRANSP. CODE ANN. § 547.322(d).

We must defer to the trial court on questions of credibility and historical fact. Hubert, 312 S.W.3d at 559. This deference leads us to conclude that the trial court had sufficient facts presented to determine that the vehicle's rear taillight violated the requirements of section 547.322(d) of the Texas Transportation Code. See TEX. TRANSP. CODE ANN. § 547.322(d); Priddy, 321 S.W.3d at 86. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Lujan, 331 S.W.3d at 771. Therefore, appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the trial court's denial of the motion to suppress.

Mackey K. Hancock
Justice

Do not publish.

6